**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeals of Madden | } | Docket Nos. 105-6-04 Vtec |
| | } | (from 4/27/04 ZBA decision) |
| | } | |
| | } | 119-7-04 Vtec (from 6/3/04 |
| | } | Planning Comm. decision) |

Decision and Order on Pending Motions and Scheduling Order

Appellant John A.G. Madden appealed from several decisions of the Zoning Board of Adjustment (ZBA) and the Planning Commission of the Town of New Haven, two of which (listed above) remain open[1] in this Court. Appellant represents himself; Appellee-Applicant State of Vermont (applying for approval of the use in Docket No. 105-6-04 Vtec and the site plan in Docket No. 119-7-04 Vtec) is represented by William H. Rice, Esq. and Stacy A. Butler Esq.; Appellee-Applicants Peter Norris, Jr. and Peter Norris, Sr. (applying for the subdivision amendment in Docket No. 119-7-04 Vtec) are represented by Donald R. Powers, Esq.; and the Town is represented by James H. Ouimette, Esq. As previously discussed, the above-captioned cases remain as separate appeals, although they will be scheduled together to the extent possible.

Appellant's requests for the recusal of Judge Wright have been denied by the Chief Administrative Judge and his request for interlocutory appeal has been denied by the Vermont Supreme Court. During the pendency of the Judicial Conduct Board's evaluation of a complaint filed by Mr. Madden, however, Judge Wright suspended making substantive pretrial rulings and holding evidentiary hearings on the merits of the case. The July 26, 2004 order advised the parties that, if any motions needed to be ruled on during that period, the parties could request the Administrative Judge to assign those motions temporarily to another judge. On September 10, 2004, a Motion to Dismiss was filed by the State in both cases. Also on September 10, 2004, a Motion for Partial Summary Judgment was filed by Appellee-Applicants in Docket No. 119-7-04. On October 7, 2004, Mr. Madden responded to both motions in a single document. Nothing in either file reflects any request for reassignment of these motions.

By letter dated November 18, 2004, received at the Court on November 22, 2004, the Judicial Conduct Board informed Mr. Madden that it had investigated his complaint, that the issues he had raised did not constitute misconduct, and that his complaint had been dismissed and there would be no further action taken by the Board. Therefore, as stated in the July 26, 2004 order, Judge Wright has resumed the management of these cases.

State's Motion to Dismiss

Rather than moving for partial summary judgment to determine whether or to what extent the Town's authority with respect to the State's application is limited under 24 V.S.A. § 4409, now 24 V.S.A. § 4413, and see In re Appeal of Department of Buildings and General Services, 2003 VT 92 (October 10, 2003)(already supplied to the parties), the State instead has moved to dismiss both appeals on the basis that Questions 2 and 3 in the Statement of Questions fail to ' state a claim.' However, although it is rather general, Question 3 is sufficient to raise the issue of the merits of the applications for approval of the State's project under the applicable regulations; therefore the State's motion to dismiss is DENIED.

However, in its July 26, 2004 order, the Court noted that issues as to the scope of what is allowed to be regulated by the Town should be resolved by summary judgment, if possible, in advance of the hearing. Accordingly, we will plan to rule on the scope of the proceedings at the outset of the

portion of the hearing dealing with the merits of the State's applications for approval of its project. That hearing is now scheduled for January 13, 2005 (see enclosed notice). Please file any motions relating to these issues enough in advance of the hearing date **so that any <u>responses</u> will be due** so that they are **<u>received at the Court</u>** and by the other parties on or before January **12**, 2005.

<u>Appellee-Applicants' Motion for Partial Summary Judgment</u>

Appellee-Applicants have moved for partial summary judgment in Docket No. 119-7-04 Vtec only. An earlier application for Appellee-Applicants' subdivision was approved by Judge Katz in <u>Appeal of Madden</u>, Docket No. 186-11-01 Vtec (Vt. Envtl. Ct., November 22, 2002); that decision was upheld by the Vermont Supreme Court in its decision in its Docket No. 2003-121 (July 18, 2003).

Appellee-Applicants Norris applied for amendments to the previously-approved subdivision plans, involving realignment of the access road and curb cut for the subdivision with respect to its intersection with Route 7, and relocation of the internal subdivision roadway, but not involving any alteration in the previously-approved lot boundaries. In a February 5, 2004 Planning Commission decision regarding the subdivision (that was the subject of Docket No. 36-3-04 Vtec (see footnote 1 above)), the Planning Commission approved that amendment application, but had failed to give proper public notice. In the June 3, 2004 Planning Commission decision that is the subject of Docket No. 119-7-04 Vtec, the Planning Commission ' reaffirmed' or ratified its February 5, 2004 decision on the amendment application regarding changes to the previously-approved subdivision with respect to realignment of the access road and curb cut for the subdivision with respect to its intersection with Route 7, and relocation of the internal subdivision roadway.

To the extent that Appellee-Applicants' motion for partial summary judgment suggests that only the amendment application is before the Court in the present appeal, it is GRANTED. Only the merits of the amendment application is before the Court in the present appeal, not the merits of the original subdivision. However, material facts are in dispute as to the safety of Route 7 at that intersection, and Appellant is entitled to present evidence as to whether the proposed amendments to the subdivision access road or internal subdivision roadway have any effect on the criteria in the Subdivision Regulations regarding the layout and safety of streets serving the subdivision. To the extent that Appellee-Applicants' motion for partial summary judgment suggests that no facts are in dispute as to that application, it is DENIED.

Accordingly, the hearing on the merits of both above-captioned cases are scheduled together for January 13, 2005 at the Mahady Courthouse in Middlebury (see enclosed notice). The hearing on the merits of the State's applications for approval of its project will begin as soon as all the evidence has been taken regarding the application for approval of the subdivision amendments. Any evidence taken on the subdivision amendments that relates to the State's application for approval of its project need not be repeated. The Court will hear oral argument on any motions filed with regard to the scope of the State's applications at the conclusion of the evidence on the subdivision amendments and prior to beginning the hearing on the State's applications for approval of its project, and expects to rule on any such motions prior to taking any additional evidence relating to the State's applications for approval of its project.

Done at Barre, Vermont, this 29th day of November, 2004.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

[1]     Based on the Court's July 26, 2004 order, on August 11, 2004 Question 1 in Docket No. 36-3-04 was resolved in Mr. Madden's favor, and Docket No. 36-3-04 Vtec was concluded as otherwise moot, specifically without prejudice to all parties' ability to raise in Docket No. 119-7-04 any issues on the merits of the subdivision amendment that they could have raised in Docket No. 36-3-04 Vtec.